■ ANTHONY J. ADAMEC et al., Appellants, v JOSEF C. MUELLER III et al., Respondents. [942 NYS2d 258]—

Kavanagh, J. Appeal from an order of the Supreme Court (Nolan Jr., J.), entered March 18, 2011 in Saratoga County, which, in an action pursuant to RPAPL article 15, among other things, granted defendants' motion for summary judgment dismissing the complaint.

In March 2007, defendants received a quit claim deed from their parents and in-laws, Priscilla Mueller and Josef Mueller Jr., naming them owners of a parcel of property located in the Town of Stillwater, Saratoga County. The Muellers had purchased the property (hereinafter the canal property) in December 1989 from the County at a tax sale. The County, in turn, had obtained title to the property from James Dickson in a tax foreclosure proceeding. Dickson acquired the property from Hudson River Estates, Inc., which purchased it in 1924 from the State of New York, through the Canal Corporation.

Plaintiffs, in 1974, purchased property in the area from Minnie Ives. In July 2008, they commenced this RPAPL article 15 proceeding seeking to quiet title on the canal property alleging that it was included in the property they had purchased from Ives. Alternatively, plaintiffs claim that they obtained owner-

ship of the canal property by adverse possession.[1] After Supreme Court granted defendants' motion for summary judgment, plaintiffs filed this appeal.[2]

In support of their contention that they were owners of this property and entitled to summary judgment, defendants submitted recorded deeds as well as a survey, all of which established that they were in the chain of title for the canal property dating back to 1924 when it was owned by the Canal Corporation (*see Quinn v Depew*, 63 AD3d 1425, 1428 [2009]). In opposition, plaintiffs submitted, among other things, the deed they received from Ives when she conveyed property to them in 1974. However, this deed does not describe in detail the property being conveyed, and specifically does not identify the canal property as part of the property that plaintiffs received from Ives. The simple reference in the Ives deed to a utility easement that runs across the canal property does not establish that Ives owned the canal property or had the right to convey it to plaintiffs. Also, plaintiffs' claim that they paid taxes on this property after receiving their deed from Ives is not supported by the record. In short, plaintiffs' submissions in opposition to defendants' motion for summary judgment have not served to create a question of fact as to defendants' claim of ownership, and Supreme Court's order granting defendants' motion for summary judgment must be affirmed (*see Minotti v Larkin*, 9 AD3d 699, 700 [2004]; *State of New York v Moore*, 298 AD2d 814, 815 [2002]).

Peters, J.P., Rose, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

**1.** Plaintiffs have abandoned any claim that they acquired title to this property by adverse possession since they have failed to advance such a position in the briefs submitted in connection with this appeal (*see Waldron v New York Cent. Mut. Fire Ins. Co.*, 88 AD3d 1053, 1054 n [2011]).

**2.** Plaintiff Florine Adamec died after this action was commenced. Her death was referenced in plaintiff Anthony J. Adamec's opposition to the motion for summary judgment and in Supreme Court's order. As a general rule, the death of a party automatically stays litigation until a personal representative has been substituted (*see* CPLR 1015 [a]; 1021), and any interim order issued in the absence of such a substitution is generally considered invalid (*see Thomas v Benedictine Hosp.*, 8 AD3d 781, 782 [2004]). However, since this action survives as to the coplaintiff, it "can proceed without a substitution with the death simply being noted on the record" (*Bova v Vinciguerra*, 139 AD2d 797, 799 [1988]; *see* CPLR 1015 [b]). Further, we have held that where a party's death does not impact any of the issues raised on appeal, it is not necessary to strictly adhere to the requirement that proceedings be stayed (*see Matter of Giaquinto v Commissioner of the N.Y. State Dept. of Health*, 91 AD3d 1224, 1225 n 1 [2012]). As a result, we will address the merits of the appeal notwithstanding her demise.