Wells Fargo Bank, N.A. v Portu (2020 NY Slip Op 00025)





Wells Fargo Bank, N.A. v Portu


2020 NY Slip Op 00025


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

528559

[*1]Wells Fargo Bank, N.A., Appellant,
v
Valerie J. Portu, Also Known as Valerie M. Portu, Respondent, et al., Defendants.

Calendar Date: November 12, 2019

Before: Garry, P.J., Egan Jr., Lynch and Aarons, JJ.


Hogan Lovells US LLP, New York City (Christian Fletcher of counsel), for appellant.
John P. Kingsley, PC, Catskill (John P. Kingsley of counsel), for respondent.



Lynch, J.
Appeal from an order of the Supreme Court (Fisher, J.), entered July 30, 2018 in Greene County, which, among other things, partially granted defendant Valerie J. Portu's cross motion for summary judgment dismissing the complaint.
In April 2006, defendant Valerie J. Portu (hereinafter defendant) and her now-deceased husband executed a note in the amount of $147,962 in favor of First Alternative Mortgage Corp. The note was secured by a mortgage, executed in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS) as nominee for the lender, on certain real property in Greene County. MERS assigned the mortgage to plaintiff in November 2009. The record includes a copy of a note endorsed over to plaintiff and a March 2008 loan modification agreement between plaintiff and the Portus. After defendant failed to make the October 2008 payment, plaintiff sent a letter dated November 9, 2008 advising that the loan was in default and that defendant was required to bring the loan current by either paying the delinquency by November 30, 2008, or by bringing the account current by December 9, 2008. The letter further cautioned that a failure to make payment as instructed "will result in acceleration of your Mortgage Note."
On March 8, 2010, plaintiff commenced an action to foreclose on the mortgage. By order entered June 26, 2013, the action was dismissed as abandoned pursuant to 22 NYCRR 202.27, without prejudice. In May 2014, plaintiff moved to vacate the June 2013 order, to restore the case to the calendar and for a judgment of foreclosure and sale. By order entered August 18, 2015, Supreme Court found that plaintiff failed to present a reasonable excuse for the default and also lacked standing. The court denied the motion with prejudice, while agreeing to entertain a motion pursuant to CPLR 2221 "within 60 days of service of notice of entry." No such motion was made and, by order entered July 13, 2016, the court dismissed the complaint.
In the meantime, by letter dated March 2, 2016, plaintiff notified defendant as follows: "Previously your loan was accelerated and all sums . . . were declared immediately due and payable. [Plaintiff] hereby de-accelerates the [l]oan, withdraws its prior demand of immediate payment of all sums
. . . and reinstates the [l]oan as an installment loan." The letter further advised that defendant was still in default, and that plaintiff had "a variety of homeowners' assistance programs" to discuss. No further payments were made by defendant and plaintiff commenced this second foreclosure action on October 11, 2016. Thereafter, plaintiff moved for summary judgment and defendant cross-moved to dismiss the complaint as barred by the statute of limitations. Supreme Court partially granted defendant's cross motion by finding that the foreclosure action was time-barred, while allowing the action to continue as to plaintiff's claim seeking reimbursement for taxes and insurance paid on the property. Plaintiff appeals.
Several issues have been raised with respect to whether the complaint was properly dismissed as untimely. Pertinent here, the six-year statute of limitations in a mortgage foreclosure action commences upon the acceleration of the debt following a default in payment (see Bank of N.Y. Mellon v Slavin, 156 AD3d 1073, 1073-1074 [2017], lv dismissed 33 NY3d 1128 [2019]). Among the issues in dispute is whether the debt was accelerated by plaintiff's November 9, 2008 letter, as Supreme Court held, or, as plaintiff maintains, by the commencement of the first action in March 2010. We need not resolve that issue because, in either instance, the first action was timely commenced and plaintiff asserts that the action was not terminated until the July 6, 2016 order of dismissal. On that basis, plaintiff contends that the second action was timely commenced under the savings provisions of CPLR 205 (a).
CPLR 205 (a) permits a plaintiff to bring a new action on the same transaction within six months of the termination of the prior action, where that prior action "is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action or a final judgment on the merits" (CPLR 205 [a]). A "default order [does] not constitute a final termination of the action within the meaning of CPLR 205 (a)" (Bank of N.Y. Mellon v Slavin, 156 AD3d at 1075; see U.S. Bank Trust, N.A. v Moomey-Stevens, 168 AD3d 1169, 1170-1171 [2019]). Nor does a dismissal for lack of standing constitute an adjudication on the merits (see Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 13-14 [2008]; Matter of Schulz v State of New York, 81 NY2d 336, 347 [1993]). Plaintiff was statutorily authorized to file a motion to vacate the June 2013 order and to appeal from the August 2015 order denying that motion (see Bank of N.Y. Mellon v Slavin, 156 AD3d at 1075).
These principles in mind, we turn to the impact of the August 2015 order for CPLR 205 (a) purposes. By denying the motion, Supreme Court left the June 2013 order dismissing the complaint intact, albeit with an option allowing plaintiff to renew the application within 60 days with additional evidence. That motion, however, was not made and no appeal was filed from the August 2015 order. Although plaintiff maintains in its brief that the August 2015 order was never served with notice of entry, no such argument was made before Supreme Court, and therefore the contention has not been preserved for our review. Nor did plaintiff seek to appeal the July 2016 order dismissing the complaint. In this context, we conclude that the first cause of action was terminated for CPLR 205 (a) purposes 30 days after the entry of the August 2015 order, i.e., on September 18, 2015 when plaintiff's right to appeal expired (see Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 519-520 [2005]). We deem the court's July 2016 dismissal order ministerial in nature and somewhat of a mischaracterization, for the complaint was dismissed in the July 2013 order and was never reinstated (see Pi Ju Tang v St. Francis Hosp., 37 AD3d 690, 691 [2007]; Burns v Pace Univ., 25 AD3d 334, 335 [2006], lv denied 7 NY3d 705 [2006]). As such, the six-month window in which plaintiff could commence a new action expired by March 18, 2016, rendering the second action untimely under CPLR 205 (a).
The further issue is whether plaintiff successfully revoked its election to accelerate the mortgage through the March 2, 2016 letter. Since the first action was terminated for CPLR 205 (a) purposes by March 18, 2016, the de-acceleration letter was issued within the statute of limitations period. The further question is whether that letter served to actually de-accelerate plaintiff's demand for full payment. Where, as here, a debt has been accelerated, a lender's "election . . . could be revoked only through an affirmative act occurring within the statute of limitations period" (Lavin v Elmakiss, 302 AD2d 638, 639 [2003], lv dismissed 100 NY2d 577 [2003], lv denied 2 NY3d 703 [2004]). As stated by the Second Department, "acceleration notices must be clear and unambiguous to be valid and enforceable, . . . [and] de-acceleration notices must also be clear and unambiguous to be valid and enforceable" (Milone v US Bank N.A., 164 AD3d 145, 153 [2018], lv dismissed ___ NY3d ___ [Nov. 25, 2019]). Notably, in Milone, the Court cautioned against pretextual de-acceleration letters issued to avoid an impending statute of limitations. Pertinent here, the Second Department reasoned in Milone that "a de-acceleration letter is not pretextual if . . . it contains an express demand for monthly payments on the note, or, in the absence of such express demand, it is accompanied by copies of monthly invoices transmitted to the homeowner for installment payments" or other comparable evidence (id. at 154).
As discussed above, plaintiff's purported de-acceleration letter was issued on the eve of the expiration of the statute of limitations. Although the letter expressly "reinstates the [l]oan as an installment loan," it does not demand the resumption of monthly payments or provide monthly invoices for payment due. Instead, the letter specifies that defendant remained in default for failing to make the required monthly installment payments since November 1, 2008 and offers to discuss "a variety of homeowner's assistance programs." Not to be overlooked is that the March 2, 2016 letter was followed by two June 13, 2016 letters providing 30 days to cure the default by making a payment due of $101,831, as well as a 90-day notice required under RPAPL 1304 — a condition precedent to initiating a foreclosure action. In our view, this proffer does not constitute a valid de-acceleration, as plaintiff simply put defendant on notice of its obligation to cure an eight-year default and then promptly embarked on the notices required to initiate a second foreclosure action. It follows that plaintiff's second action was properly dismissed as untimely.
For reasons articulated in Bank of N.Y. Mellon v Dieudonne (171 AD3d 34 [2019]), we are unpersuaded by plaintiff's further contention that it lacked authority to accelerate the loan by virtue of a reinstatement provision in the contract. By its terms, the reinstatement provision is not a condition precedent to acceleration. Instead, even after a foreclosure action has been commenced, the reinstatement clause allows a borrower to pay only the delinquency in order to have the action discontinued. At no point in this matter did defendant exercise that contractual authority.
Finally, we reject plaintiff's contention that it remains entitled to recover accrued interest on the time-barred principal (see Ajdler v Province of Mendoza, 33 NY3d 120, 126, 128 n 4 [2019]). To the extent that Supreme Court granted plaintiff's motion to recover taxes and insurance paid as a claim for unjust enrichment, the court also scheduled the matter for a conference to discuss whether a referee should be appointed to determine the amount owed. As such, we agree with defendant that the issue as to the recovery of escrow advances is premature.
Garry, P.J., Egan Jr. and Aarons, JJ., concur.
ORDERED that the order is affirmed, with costs.