U.S. Bank Natl. Assn. v Catalfamo (2020 NY Slip Op 07439)





U.S. Bank Natl. Assn. v Catalfamo


2020 NY Slip Op 07439


Decided on December 10, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

530104

[*1]U.S. Bank National Association, as Trustee, Appellant,
v
Elizabeth Catalfamo et al., Defendants, and Steven C. Catalfamo, Respondent.

Calendar Date: October 14, 2020

Before: Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ.


Knuckles, Komosinski & Manfro, LLP, Elmsford (Louis A. Levithan of counsel), for appellant.
Matte & Nenninger, PC, Glens Falls (Christopher S. Nenninger of counsel), for respondent.



Egan Jr., J.
Appeal from an order of the Supreme Court (Kershko, J.), entered August 9, 2020 in Warren County, which, among other things, granted defendant Steven C. Catalfamo's motion for summary judgment dismissing the complaint against him.
In March 2007, defendant Steven C. Catalfamo (hereinafter Catalfamo) and his spouse, defendant Elizabeth Catalfamo, executed a promissory note in the amount of $732,878.74 in favor of Household Finance Realty Corporation of New York (hereinafter Household). The note was secured by a mortgage on real property located in the Town of Queensbury, Warren County. Catalfamo and his spouse defaulted on the note and Household thereafter commenced an action to foreclose on the mortgage (hereinafter the first action). In 2014, while the first action remained pending, Household assigned the mortgage to U.S. Bank Trust, N.A., plaintiff's predecessor-in-interest. In August 2014, Supreme Court (Krogmann, J.) dismissed the first action as abandoned and, in November 2014, denied a motion by U.S. Bank Trust to vacate said dismissal and restore the action to the court's calendar. Subsequently, in June 2015, U.S. Bank Trust sent Catalfamo a letter purporting to de-accelerate the loan and, in 2017, the mortgage was subsequently assigned to plaintiff.
On December 8, 2017, plaintiff commenced this mortgage foreclosure action, to which Catalfamo answered, asserting, among other affirmative defenses, that plaintiff's claim was barred by the statute of limitations. Catalfamo thereafter moved for summary judgment dismissing the complaint against him on the ground that the statute of limitations had expired. Plaintiff opposed the motion and moved for summary judgment to foreclose on the mortgage. Supreme Court (Kershko, J.) granted Catalfamo's motion, determining that the statute of limitations to commence a mortgage foreclosure action had expired. Plaintiff appeals.
As relevant here, "[t]he six-year statute of limitations in a mortgage foreclosure action begins to run from the due date for each unpaid installment unless the debt has been accelerated; once the debt has been accelerated by a demand or commencement of an action, the entire sum becomes due and the statute of limitations begins to run on the entire mortgage" (Beneficial Homeowner Serv. Corp. v Heirs at Large of Ramona E. Thwaits, 185 AD3d 1126, 1128 [2020] [internal quotation marks and citation omitted], lv denied ___ NY3d ___ [Nov. 23, 2020]; see CPLR 213 [4]). Once a lender has elected to accelerate a mortgage debt, such an election "can be revoked only through an affirmative act occurring within the statute of limitations period" (Specialized Loan Servicing Inc. v Nimec, 183 AD3d 962, 964 [2020]; see Beneficial Homeowner Serv. Corp. v Heirs at Large of Ramona E. Thwaits, 185 AD3d at 1128). Where, as here, the lender's affirmative act of revocation takes the form of a de-acceleration letter or notice, to be valid and enforceable, said notice must be clear and unambiguous [*2](see Beneficial Homeowner Serv. Corp. v Heirs at Large of Ramona E. Thwaits, 185 AD3d at 1128; U.S. Bank N.A. v Creative Encounters LLC, 183 AD3d 1086, 1087 [2020], appeal dismissed 35 NY3d 1062 [2020]; Wells Fargo Bank, N.A. v Portu, 179 AD3d 1204, 1207 [2020]).
In support of his motion, Catalfamo submitted, among other things, Household's June 15, 2009 demand letter, indicating that it was electing to accelerate the loan and declaring the entire unpaid balance of the principal immediately due and payable based upon Catalfamo's failure to make the requisite monthly installment payments. The next day, Household commenced the first action to foreclose on the mortgage. Based thereon, the statute of limitations for commencing a mortgage foreclosure action began to run, at the latest, on June 16, 2009, when Household commenced the first action. After Supreme Court dismissed the first action as abandoned, plaintiff did not commence the second action until December 8, 2017, well in excess of the applicable six-year statute of limitations (see CPLR 213 [4]). Catalfamo, therefore, met his prima facie burden of demonstrating his entitlement to summary judgement dismissing the complaint on the ground that the action was untimely, shifting the burden to plaintiff to raise a question of fact as to whether the action was timely commenced (see U.S. Bank N.A. v Creative Encounters LLC, 183 AD3d at 1087).
In opposition to Catalfamo's motion and in support of its own motion for summary judgment, plaintiff submitted a copy of the June 3, 2015 letter sent by the mortgage servicer for plaintiff's predecessor-in-interest, purporting to de-accelerate Catalfamo's loan. According to plaintiff, this de-acceleration letter effectively stopped the running of the statute of limitations such that the second mortgage foreclosure action was, in fact, timely commenced. We disagree. The June 3, 2015 letter acknowledges that Catalfamo's obligations under the note and mortgage had been previously accelerated, but provides that "as of the date of this letter, the maturity of the [l]oan is hereby de-accelerated, immediate payment of all sums owed is hereby withdrawn, and the [l]oan is re-instituted as an installment loan."[FN1] Although the June 3, 2015 de-acceleration letter was issued within the statute of limitations period and, on its face, purported to reinstate the installment loan, we note that it was issued only 13 days prior to the expiration of the applicable statute of limitations (see Wells Fargo Bank, N.A. v Portu, 179 AD3d at 1207). In such cases, courts review the circumstances surrounding the issuance of such a notice in order to determine whether such a de-acceleration notice is being utilized as a pretext to avoid the approaching expiration of the statute of limitations (see id.; compare Milone v US Bank N.A., 164 AD3d 145, 153-154 [2018], lv dismissed 34 NY3d 1009 [2019]). In making such a determination, the court will look at factors such as whether the [*3]letter or notice "contains an express demand for monthly payments on the note, or, in the absence of such express demand, it is accompanied by copies of monthly invoices transmitted to the homeowner for installment payments or other comparable evidence" (Wells Fargo Bank, N.A. v Portu, 179 AD3d at 1207 [internal quotation marks and citation omitted]).
Here, no express demand for monthly payments was contained in the de-acceleration letter nor were any copies of monthly invoices attached thereto. Catalfamo did provide copies of certain monthly informational statements that he received from plaintiff's mortgage servicer indicating a monthly installment payment due of $5,969.83. The first such invoice, however, was sent to defendants 10 months prior to the June 2015 de-acceleration letter.[FN2] Moreover, following receipt of the June 3, 2015 de-acceleration letter, plaintiff subsequently sent two additional notices to Catalfamo in April 2017 and May 2017, which, rather than demanding a monthly installment payment pursuant to the purportedly reinstated installment loan, requested payment of all overdue amounts dating back to before the alleged June 2015 de-acceleration had been sent. Thus, given the timing and content of the June 3, 2015 de-acceleration letter, as well as the ambiguous nature of the informational statements that were provided to Catalfamo, we find that plaintiff failed to establish that the June 3, 2015 letter to Catalfamo constituted a clear and unambiguous affirmative act of de-acceleration (see U.S. Bank N.A. v Creative Encounters LLC, 183 AD3d at 1087; Wells Fargo Bank, N.A. v Portu, 179 AD3d at 1207; compare Milone v US Bank N.A., 164 AD3d at 153-154). Accordingly, as plaintiff commenced the second action after the statute of limitations had expired, we find that Supreme Court appropriately granted Catalfamo's motion and dismissed plaintiff's complaint as untimely (see CPLR 213 [4]; Beneficial Homeowner Serv. Corp. v Heirs at Large of Ramona E. Thwaits, 185 AD3d at 1128).
Garry, P.J., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: We are unpersuaded by Catalfamo's contention that Supreme Court should not have considered the June 3, 2015 de-acceleration letter in rendering its decision based upon a lack of foundation for its admission into evidence. Contrary to Catalfamo's assertion, we find that the affidavit of Michael Bennett, an assistant vice-president of plaintiff, indicating that (1) he had personal knowledge of plaintiff's record-keeping practices, (2) the records from prior loan service providers had been "integrated and boarded" into the records of plaintiff's loan service provider and (3) such records were relied upon by plaintiff in the course of its business, provided the requisite indicia of reliability for such records to qualify as business records (see CPLR 4518 [a]; Goldman Sachs Mtge. Co. v Mares, 166 AD3d 1126, 1128 [2018]; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 739 [2015]).

Footnote 2: Moreover, the first invoice that was sent following plaintiff's de-acceleration letter was dated June 27, 2015, 11 days after the applicable statute of limitations had already expired.