Deutsch Bank Natl. Trust Co. v Goldwasser (2021 NY Slip Op 06591)





Deutsch Bank Natl. Trust Co. v Goldwasser


2021 NY Slip Op 06591


Decided on November 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 24, 2021

532700
[*1]Deutsch Bank National Trust Company, as Indenture Trustee, Appellant,
v
Mark S. Goldwasser et al., Respondents, et al., Defendants.

Calendar Date:October 12, 2021

Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Knuckles, Komosinski & Manfro, LLP, Fishkill (Louis A. Levithan of counsel), for appellant.
MacVean, Lewis, Sherwin & McDermott, PC, Middletown (Kevin F. Preston of counsel), for respondents.



Aarons, J.
Appeal from a judgment of the Supreme Court (Schick, J.), entered January 4, 2021 in Sullivan County, which, among other things, partially granted a motion by defendants Mark S. Goldwasser and Paula Goldwasser for, among other things, summary judgment dismissing the complaint against them.
Defendants Mark S. Goldwasser and Paula Goldwasser (hereinafter collectively referred to as defendants) executed a note secured by a mortgage on real property in Sullivan County. After defendants failed to make payments due under the note, plaintiff, on August 10, 2012, commenced a mortgage foreclosure action against defendants, among others. The 2012 action, however, was dismissed under 22 NYCRR 202.27 in 2015, and plaintiff's motion to vacate that dismissal was subsequently denied. On August 10, 2018, notices were sent to defendants indicating that the loan had been de-accelerated.
In June 2019, plaintiff commenced this action to foreclose on the subject property. Defendants joined issue and thereafter moved for, among other things, summary judgment dismissing the complaint against them. Plaintiff opposed and cross-moved for, among other things, summary judgment and an order of reference. Supreme Court granted that part of defendants' motion seeking dismissal of the complaint and denied plaintiff's cross motion in its entirety. Plaintiff appeals.
Turning first to defendants' motion, "[w]here, as here, a debt has been accelerated, a lender's election could be revoked only through an affirmative act occurring within the statute of limitations period" (Wells Fargo Bank, N.A. v Portu, 179 AD3d 1204, 1206 [2020] [internal quotation marks, ellipsis and citation omitted]). The parties dispute whether the de-acceleration notices were actually mailed to defendants on August 10, 2018 so as to revoke the acceleration of the debt that occurred based upon the commencement of the 2012 action. The record contains copies of the de-acceleration notices addressed to defendants that were sent by first-class regular mail and first-class certified mail. As to the regular mailings, the record does not contain an affidavit of service with respect to these notices, and the affidavit from the loan servicing agent does not provide any details concerning the mailing of them. Although plaintiff's counsel attested in an affirmation that he was familiar with the mailing procedures of his law firm, he only did so in a conclusory manner (compare Assyag v Wells Fargo Bank, N.A., 186 AD3d 1303, 1305-1306 [2020]) and, therefore, such affirmation lacked probative value. Accordingly, plaintiff failed to establish that the first-class regular mailings were served upon defendants.
Notwithstanding the foregoing, plaintiff tendered the receipts for the certified mailings containing the tracking numbers and indicating that the certified mailings were mailed on August 10, 2018. A mail manifest report from plaintiff's law firm likewise confirmed the certified mailings that took place [*2]on August 10, 2018. In view of this proof, plaintiff established that it revoked the acceleration of the debt within the applicable statute of limitations period (see U.S. Bank Trust N.A. v Mohammed, 197 AD3d 1205, 1206-1207 [2021]; U.S. Bank N.A. v Papanikolaw, 197 AD3d 767, 770 [2021]). As such, this action was timely, and defendants' motion, to the extent that it sought summary dismissal of the complaint, should have been denied.
Regarding plaintiff's cross motion, plaintiff submitted the mortgage, the unpaid note and evidence of defendants' failure to make the requisite payments due under the note (see Green Planet Servicing, LLC v Martin, 141 AD3d 892, 893 [2016]). In view of defendants' answer alleging lack of standing as an affirmative defense, plaintiff also established that it possessed the note at the time the action was commenced based upon the affidavit of the loan servicing agent (see Bayview Loan Servicing, LLC v Freyer, 192 AD3d 1421, 1423 [2021]). In opposition to plaintiff's prima facie showing, defendants failed to raise a triable issue of fact. As such, plaintiff's cross motion, to the extent that it sought summary judgment and an order of reference, should have been granted.
Garry, P.J., Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted that part of the motion by defendants Mark S. Goldwasser and Paula Goldwasser for summary judgment dismissing the complaint against them and denied plaintiff's cross motion for summary judgment and an order of reference; motion denied and cross motion granted to said extent; and, as so modified, affirmed.