HSBC Bank, USA, N.A. v Bresler (2022 NY Slip Op 06671)

HSBC Bank, USA, N.A. v Bresler

2022 NY Slip Op 06671

Decided on November 23, 2022

Appellate Division, Third Department

Fisher, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 23, 2022

534589

[*1]HSBC Bank, USA, N.A., Appellant,
v
Gerry-Lynn Bresler, Also Known as Gerry-Lynn Stohr, et al., Respondents, et al., Defendants.

Calendar Date:October 12, 2022

Before: Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Fein, Such & Crane, LLP, Westbury (Michael S. Hanusek of counsel), for appellant.
Blatchly & Simonson, PC, New Paltz (Bruce D. Blatchly of counsel), for respondents.

Fisher, J.
Appeal from a judgment of the Supreme Court (James P. Gilpatric, J.), entered December 15, 2021 in Ulster County, which granted motions by defendants Gerry-Lynn Bresler and Steven Bresler for summary judgment dismissing the complaint against them.
In March 2007, defendants Gerry-Lynn Bresler and Steven Bresler (hereinafter collectively referred to as defendants) executed a promissory note in favor of HSBC Mortgage Corporation (USA). The note was secured by a mortgage on real property located in the Town of Woodstock, Ulster County executed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for the lender, and subsequently assigned to Hudson City Savings Bank. Defendants defaulted on the note and, on November 13, 2012, Hudson City commenced an action to foreclose on the mortgage. The mortgage was assigned to plaintiff in June 2016. Supreme Court dismissed the action as abandoned in November 2016 and denied a motion to restore the case to the calendar in February 2018. By correspondence dated September 27, 2018, the mortgage servicer for plaintiff notified defendants that it was revoking any prior acceleration of the loan and withdrawing any prior demand for immediate payment of all sums secured by the mortgage, therefore re-instituting the loan as an installment loan.
On December 28, 2018, plaintiff commenced this second mortgage foreclosure action. Defendants answered and asserted, among other affirmative defenses, that plaintiff's claim was barred by the statute of limitations. Thereafter, defendants separately moved for summary judgment dismissing the complaint against them on various grounds, including that the action was time-barred. Supreme Court granted defendants' motions, finding, as relevant here, that the de-acceleration notice did not contain language that was clear and unambiguous to establish that the loan was being de-accelerated, and, therefore, the second action was barred by the statute of limitations. Plaintiff appeals.
As relevant here, the six-year statute of limitations begins to run when a mortgage debt has been accelerated by the commencement of an action seeking the entire sum due (see Deutsch Bank Natl. Trust Co. v Goldwasser, 199 AD3d 1281, 1282 [3d Dept 2021]; Wells Fargo Bank, N.A. v Portu, 179 AD3d 1204, 1205-1206 [3d Dept 2020]). "Once a lender has elected to accelerate a mortgage debt, such an election can be revoked only through an affirmative act occurring within the statute of limitations period" (U.S. Bank N.A. v Catalfamo, 189 AD3d 1786, 1787-1788 [3d Dept 2020] [internal quotation marks and citations omitted]; see U.S. Bank N.A. v Creative Encounters LLC, 194 AD3d 1135, 1136 [3d Dept 2021]). "Where, as here, the lender's affirmative act of revocation takes the form of a de-acceleration letter or notice, to be valid and enforceable, said notice must be clear and unambiguous" (U.S. Bank N.A. v Catalfamo, 189 AD3d at 1788 [citations omitted]; see Wells Fargo Bank, N.A. v Portu, 179 AD3d at [*2]1207). Determining whether and when a noteholder revoked an election to accelerate a loan can be "critical" in determining whether an action is untimely (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 28 [2021]).
It was undisputed that an acceleration of the full amount of the debt occurred on November 13, 2012, when the prior action was commenced. Since defendants established, as a matter of law, that the acceleration of the mortgage debt occurred more than six years prior to the commencement of the instant action on December 28, 2018, defendants sustained their initial burden of demonstrating, prima facie, that the action was untimely (see U.S. Bank N.A. v Catalfamo, 189 AD3d at 1788). The burden shifts to plaintiff to raise a question of fact as to whether the statute of limitations had expired (see Bank of Am., N.A. v Gulnick, 170 AD3d 1365, 1367 [3d Dept 2019], lv denied 34 NY3d 908 [2020]).
In opposition to defendants' respective motions, plaintiff submitted, among other things, a copy of the September 27, 2018 de-acceleration notice sent by the mortgage servicer, indicating that "we hereby revoke any prior acceleration of the loan, withdrawing any prior demand for immediate payment of all sums secured by the security instrument and re-institute the loan as an installment loan" (emphasis omitted). The notice advised that defendants could resume making monthly payments, which would now be accepted by plaintiff, and further provided that defendants "also have the right to pay the monthly payments that came due prior to and would have come due during the prior acceleration, which has not been revoked."
Although defendants contend, and Supreme Court found, that this subsequent language — "which has not been revoked" — made the entire notice unclear and ambiguous, we disagree. Such statement was advising defendants of their right to satisfy the arrears and their continuing obligation to make monthly payments; the next sentence in the notice warned that, if defendants failed to "cure the payments in arrears," plaintiff reserved the right "to accelerate the loan anew." To this end, defendants' claim that this language is inconsistent with the monthly statements sent before and after the de-acceleration notice is belied by the record, which confirms that such statements sought payment on the total amount of the arrears plus the monthly mortgage payment, and not the total principal of the mortgage.
Therefore, considering the notice in its totality, we find that the language in the de-acceleration notice is sufficiently clear and unambiguous to be valid and enforceable (see U.S. Bank Trust, N.A. v Mohammed, 197 AD3d 1205, 1207 [2d Dept 2021]; cf. Wells Fargo Bank, N.A. v Portu, 179 AD3d at 1207). Inasmuch as such affirmative act revoking plaintiff's election to accelerate the mortgage debt was within the six-year statute of limitations period (see U.S. Bank N.A. v Creative Encounters LLC, 194 AD3d at 1136), we find that plaintiff's foreclosure action [*3]is timely and Supreme Court erred in granting each defendant's respective motion for summary judgment. Our finding is consistent with the approach in Freedom Mtge. Corp. v Engel (37 NY3d at 19), where the Court of Appeals adopted a bright-line rule relating to the impact of a noteholder's affirmative acts to revoke a prior acceleration which did not "turn on courts' after-the-fact analysis of the significance of subsequent conduct and correspondence between the parties" that could lead to "inconsistent and unpredictable results" (id. at 32).
Defendants' remaining claims do not warrant extended discussion. Initially, defendants' argument that there was a lack of proper service of the de-acceleration notice is without merit. Along with photocopies of the certified mail receipts, plaintiff submitted the process server's affidavit of service which "establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Preferred Mut. Ins. Co. v DiLorenzo, 183 AD3d 1091, 1093 [3d Dept 2020] [internal quotation marks and citation omitted]). Even though Gerry-Lynn Bresler contended that she did not receive the de-acceleration notice within the statute of limitations period, co-borrower Steven Bresler did not rebut this presumption. Since the mortgage provides that "[n]otice to any one Borrower shall be notice to all Borrowers[,]" defendants' argument must fail.
Next, as it relates to defendants' argument that plaintiff had no contractual right to de-accelerate the loan, this argument was not raised in either defendant's summary judgment motion and is therefore unpreserved (see Jones v Memorial Sloan Kettering Cancer Ctr., 186 AD3d 1851, 1852 [3d Dept 2020]). Finally, to the extent that defendants contend that the de-acceleration notice was solely intended to avoid the statute of limitations period, this argument has been expressly rejected by the Court of Appeals (see Freedom Mtge. Corp. v Engel, 37 NY3d at 36). The parties' remaining contentions have been examined and found to be lacking merit or rendered academic.
Lynch, J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is reversed, on the law, with costs, and defendants' motions denied.