U.S. Bank N.A. v Coleman (2023 NY Slip Op 01914)

U.S. Bank N.A. v Coleman

2023 NY Slip Op 01914

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-04117
 (Index No. 66990/18)

[*1]U.S. Bank National Association, etc., appellant,
v
John H. Coleman III, etc., respondent, et al., defendants.

Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Kenneth J. Flickinger of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated March 17, 2020. The order, insofar as appealed from, granted the cross-motion of John H. Coleman, Jr., for summary judgment dismissing the complaint insofar as asserted against him as time-barred, and denied, as academic, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against John H. Coleman, Jr., to strike his answer, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the cross-motion of John H. Coleman, Jr., for summary judgment dismissing the complaint insofar as asserted against him as time-barred is denied, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against John H. Coleman, Jr., to strike his answer, and for an order of reference are granted.
On August 8, 2006, John H. Coleman, Jr. (hereinafter Coleman, Jr.), executed a note in the amount of $860,000, in favor of nonparty Washington Mutual Bank, FA (hereinafter WaMu). The note was secured by a mortgage on certain real property located in Westchester County.
On October 11, 2018, the plaintiff, WaMu's successor in interest, commenced this action to foreclose the mortgage against Coleman, Jr., among others. A process server stated in an affidavit that he personally served Coleman, Jr., with the summons and complaint on October 22, 2018. Coleman, Jr., interposed an answer which, inter alia, included a statute of limitations defense.
On June 26, 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Coleman, Jr., to strike his answer, and for an order of reference. In an affirmation in support, the plaintiff's attorney stated that a prior foreclosure action had been commenced in 2009, and dismissed in 2011. The plaintiff's attorney further stated that a second action had been commenced in 2013, and dismissed in 2017 (hereinafter the 2013 action).
In support of its motion, the plaintiff submitted a copy of an order entered April 3, 2017, which, inter alia, granted the cross-motion of Coleman, Jr., to dismiss the complaint in the 2013 action insofar as asserted against him. The plaintiff also submitted a copy of its notice of appeal from the April 3, 2017 order, and a copy of a decision and order on motion of this Court, [*2]dated April 11, 2018, which granted the plaintiff's motion to extend its time to perfect the appeal until May 11, 2018. The plaintiff never perfected the appeal from the April 3, 2017 order.
Coleman, Jr., opposed the plaintiff's motion, and cross-moved for summary judgment dismissing the complaint insofar as asserted against him as time-barred. In support, Coleman, Jr., submitted a copy of an order dated March 30, 2018. The March 30, 2018 order granted the plaintiff's motion to clarify an order dated September 12, 2017, which had denied the plaintiff's motion for leave to reargue its opposition to the cross-motion of Coleman, Jr., to dismiss the complaint in the 2013 action insofar as asserted against him, which was granted in the April 3, 2017 order. The March 30, 2018 order stated, in relevant part, that "[t]he Court's Decision and Order of April 3, 2017 is amended to add the following: '[Coleman, Jr.]'s cross-motion for an order dismissing Plaintiff's complaint pursuant to failure to properly serve the RPAPL § 1304 notice is GRANTED.'" Coleman, Jr., argued that the March 30, 2018 order superseded the April 3, 2017 order, and because the plaintiff failed to commence the instant action within six months of the March 30, 2018 order, the instant action was untimely.
In an order dated March 17, 2020, the Supreme Court granted the cross-motion of Coleman, Jr., for summary judgment dismissing the complaint insofar as asserted against him as time-barred, and denied, as academic, the plaintiff's motion. The court determined that the March 30, 2018 order, which the plaintiff did not appeal, superseded the April 3, 2017 order. The court concluded: "[t]herefore, the six months pursuant to CPLR 205[a] began to run on March 30, 2018. Plaintiff's Complaint dated October 11, 2018 exceeds the six-month period from the date of the Court's issuance of the superceding Order of March 30, 2018." The plaintiff appeals. While the appeal was pending, Coleman, Jr., died and John H. Coleman III, administrator of the estate of Coleman, Jr., was substituted for Coleman, Jr.
The Supreme Court should have denied the cross-motion of Coleman, Jr., for summary judgment dismissing the complaint insofar as asserted against him as time-barred. As part of the recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821 [eff Dec. 30, 2022]), a new section, CPLR 205-a, which governs the termination of certain actions related to real property, was enacted. As relevant here, under both CPLR 205(a) and CPLR 205-a, where an action is timely commenced and is terminated for any reason other than those specified in the statutes, the plaintiff may commence a new action upon the same transaction or occurrence within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period (see U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 33 NY3d 72, 78). For the purposes of CPLR 205-a, as for the purposes of CPLR 205(a), "termination" of the prior action occurs when appeals as of right are exhausted (Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 519).
Here, contrary to the Supreme Court's determination, the six-month limitations period did not begin to run on March 30, 2018. For purposes of CPLR 205-a or CPLR 205(a), the March 30, 2018 order was ministerial in nature because, among other reasons, the complaint in the 2013 action had already been dismissed pursuant to the April 3, 2017 order and had never been reinstated (see Wells Fargo Bank, N.A. v Portu, 179 AD3d 1204, 1206; Burns v Pace Univ., 25 AD3d 334, 335). Accordingly, the 2013 action was terminated for CPLR 205-a or for CPLR 205(a) purposes on November 11, 2018, six months after the plaintiff's appeal as of right from the April 3, 2017 order was exhausted (see Malay v City of Syracuse, 25 NY3d 323, 329). As the plaintiff commenced this action on October 11, 2018, and service upon Coleman, Jr., was completed on October 22, 2018, the instant action is timely.
Further, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Coleman, Jr., to strike his answer, and for an order of reference. "In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (Zarabi v Movahedian, 136 AD3d 895, 895; see [*3]Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1236). Here, the plaintiff submitted the note, the mortgage, and the affidavit of a document control officer for its servicing agent and attorney-in-fact, which demonstrated that Coleman, Jr., was in default. In opposition, Coleman, Jr., failed to raise a triable issue of fact, as he offered no opposition to those branches of the plaintiff's motion aside from the contention that the instant action was untimely because the plaintiff did not commence it within six months of the March 30, 2018 order.
CONNOLLY, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court