Ajax Mtge. Loan Trust 2021-C, Mtge.-Backed Sec., Series 2021-C v Steele (2025 NY Slip Op 04136)

Ajax Mtge. Loan Trust 2021-C, Mtge.-Backed Sec., Series 2021-C v Steele

2025 NY Slip Op 04136

Decided on July 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 10, 2025

CV-24-0998
[*1]Ajax Mortgage Loan Trust 2021-C, Mortgage- Backed Securities, Series 2021-C, by U.S. Bank National Association, as Trustee, Appellant,
v
Richard J. Steele, Also Known as Richard Steele, et al., Defendants.

Calendar Date:June 3, 2025

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Powers, JJ.

Friedman Vartolo LLP, Garden City (Stephen J. Vargas of counsel), for appellant.

Powers, J.
Appeal from an order of the Supreme Court (Richard Mott, J.), entered May 7, 2024 in Columbia County, which, among other things, denied plaintiff's motion for summary judgment.
In June 2007, defendant Richard J. Steele (hereinafter defendant) executed and delivered a promissory note to borrow $125,000 from Countrywide Home Loans, Inc., and, on the same day, secured the note with a mortgage on his property located in Columbia County. The mortgage was assigned to various entities before ultimately being assigned to plaintiff in 2021. After falling into arrears on the mortgage, in February 2011, defendant received a letter entitled "Notice of Intent to Accelerate." This letter indicated that if the loan was not brought current on or before March 23, 2011, it would be accelerated. Defendant was able to make partial payments thereafter. However, he failed to bring the loan current. He then received several more letters between September 2011 and March 2013 demanding that the loan be brought current and referring to the still effective "expiration date" or "acceleration date" of March 23, 2011. In January 2013, defendant executed a Loan Modification Agreement, with the first payment pursuant to such due on March 1, 2013. A foreclosure action was commenced on June 30, 2017 and later voluntarily discontinued. The present foreclosure action was commenced on January 27, 2023, and plaintiff moved for, among other things, summary judgment in its favor. Defendant opposed the motion and cross-moved for summary judgment dismissing the complaint, arguing, in relevant part, that the statute of limitations for mortgage foreclosure proceedings had expired, rendering this proceeding untimely. Supreme Court determined that defendant raised a triable issue of fact regarding the Loan Modification Agreement's validity and, thus, whether it served to de-accelerate the loan and stop the running of the statute of limitations which, it suggested, was triggered by the February 2011 default letter. Plaintiff appeals.
"[T]o establish entitlement to summary judgment in a foreclosure action, a plaintiff must produce evidence of the mortgage and unpaid note along with proof of the mortgagor's default" (U.S. Bank N.A. v Ioannides, 192 AD3d 1405, 1407 [3d Dept 2021] [internal quotation marks and citation omitted]; see Federal Natl. Mtge. Assn. v Krell, 231 AD3d 1334, 1335 [3d Dept 2024]; Wilmington Sav. Fund Socy., FSB v LaFrate, 215 AD3d 1023, 1024 [3d Dept 2023]). Here, plaintiff submitted such proof in support of its motion for summary judgment and, accordingly, Supreme Court properly determined that plaintiff met its initial burden (see Gerber v Cella, 224 AD3d 1110, 1110 [3d Dept 2024]; Sjogren v Land Assoc., LLC, 223 AD3d 963, 965 [3d Dept 2024]).
As plaintiff made the requisite showing of entitlement to judgment as a matter of law, the burden "shifted to defendant to establish, through competent and admissible evidence, the existence of a viable defense to his alleged default [*2]or a material issue of fact" (U.S. Bank N.A. v Ioannides, 192 AD3d at 1408 [internal quotation marks, brackets and citation omitted]). In that regard, defendant argued that the statute of limitations had run prior to plaintiff commencing the present action. The statute of limitations for a mortgage foreclosure action "begins to accrue upon each unpaid installment; however, where the noteholder accelerates the debt . . . , the entire debt becomes due and the statute of limitations begins to run on the entire balance of the mortgage" (Wells Fargo Bank, N.A. v Welch, 223 AD3d 993, 994 [3d Dept 2024]; see U.S. Bank N.A. v Creative Encounters LLC, 194 AD3d 1135, 1136 [3d Dept 2021]). From the point of acceleration, foreclosure proceedings must be commenced within six years (see CPLR 213 [4]; Deutsche Bank Natl. Trust Co. v DeGiorgio, 171 AD3d 1267, 1268 [3d Dept 2019]).[FN1]
In support of his defense, defendant pointed to a letter he received in February 2011 informing him that his loan was in "serious default" following his failure to make a required payment. The notice warned that "[i]f the default is not cured on or before March 23, 2011, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time." The letter, defendant averred, evidences the acceleration of the mortgage more than six years before the current foreclosure proceeding was commenced. Plaintiff responded that, irrespective of the effect of this letter, the subsequent Loan Modification Agreement would have operated as a de-acceleration. Plaintiff argues, for the first time on appeal, that this notice did not effectively accelerate the mortgage, and, thus, the statute of limitations did not start to run on March 23, 2011.
The language contained in this initial letter contemplates "an expression of future intent," which falls "short of an actual acceleration" (GMAT Legal Tit. Trust 2014-1, US Bank N.A. v Wood, 192 AD3d 1285, 1287 [3d Dept 2021] [internal quotation marks and citations omitted]; see Caprotti v Deutsche Bank Natl. Trust Co., 220 AD3d 1126, 1128 [3d Dept 2023]; Wilmington Trust, N.A. v Mausler, 192 AD3d 1212, 1213-1214 [3d Dept 2021]). What is more, the "letter specifically discussed other non-acceleration options for defendant, including a repayment plan or loan modification" (GMAT Legal Tit. Trust 2014-1, US Bank N.A. v Wood, 192 AD3d at 1287).
However, defendant also provided subsequent letters received from plaintiff between September 2011 and March 2013 following partial payments he made after the initial February 2011 letter. Each letter warned defendant that "[t]he expiration date provided on th[e] prior notice remains in effect" or, more specifically, that "[t]he acceleration date of March 23, 2011 provided on th[e prior] notice remains in effect." Nevertheless, each of these letters described only the "total [delinquent] amount due" after the lender [*3]applied defendant's partial payments, not the "total amount due" as being the entire remaining balance of the loan, as would be the case if the debt had been accelerated. Reading these communications in conjunction with the initial letter, and based upon the discrepancies between and within these communications, there is a question of fact as to whether there was a valid acceleration that was "communicated to the mortgagor in a clear and unequivocal manner" (GMAT Legal Tit. Trust 2014-1, US Bank N.A. v Wood, 192 AD3d at 1286).
Even assuming these letters operated as a valid acceleration, "[o]nce a lender has elected to accelerate a mortgage debt, such an election can be revoked only through an affirmative act occurring within the statute of limitations period" (U.S. Bank N.A. v Catalfamo, 189 AD3d 1786, 1787 [3d Dept 2020] [internal quotation marks and citation omitted]; see Beneficial Homeowner Serv. Corp. v Heirs at Large of Ramona E. Thwaits, 185 AD3d 1126, 1128 [3d Dept 2020], lv denied 35 NY3d 918 [2020]), such as through, as is relevant here, entry into a loan modification agreement (see DePalma v RoundPoint Mtge. Servicing Corp., 197 AD3d 1145, 1147 [2d Dept 2021]; Goshen Mtge., LLC v DePalma, 186 AD3d 1203, 1206 [2d Dept 2020], lv denied 37 NY3d 903 [2021]). However, the loan modification agreement included in the record purportedly entered into by the parties appears not to have been signed by plaintiff. Based upon this, an issue of fact exists as to whether the loan modification agreement is valid and enforceable and, thus, whether it constitutes an affirmative act of revocation sufficient to de-accelerate the mortgage within the statute of limitations (see Deutsche Bank Natl. Trust Co. v Deluca, 225 AD3d 91, 95 [3d Dept 2024]; Wells Fargo Bank, N.A. v Frankel, 220 AD3d 973, 974 [2d Dept 2023]; cf. Gardener v Wells Fargo Bank N.A., 219 AD3d 703, 705-706 [2d Dept 2023]). Accordingly, Supreme Court appropriately found there to be questions of fact as to whether the action was commenced within the statute of limitations and denied plaintiff's motion.
Clark, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The applicability of the Foreclosure Abuse Prevention Act was not raised before Supreme Court or this Court and, therefore, we need not address this issue.