■ Javid Zarabi, Respondent, v Rima Movahedian, Appellant, et al., Defendants. [26 NYS3d 153]—

In an action to foreclose a mortgage, the defendant Rima Movahedian appeals (1) from a decision of the Supreme Court, Nassau County (Adams, J.), entered January 14, 2015, and (2), as limited by her brief, from so much of an order of the same court entered January 15, 2015, as, upon the decision, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her and to appoint a referee to compute the amount due to the plaintiff, and denied her cross motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Rima Movahedian and to appoint a referee to compute the amount due to the plaintiff. In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default (*see Bank of N.Y. Mellon v Aquino*, 131 AD3d 1186 [2015]; *Washington Mut. Bank v Schenk*, 112 AD3d 615 [2013]). Furthermore, where, as here, the plaintiff in a residential foreclosure action alleges in its complaint that it has served a RPAPL 1304 notice on the borrowers, the plaintiff must, in support of a motion for summary judgment, "prove its allegation by tendering sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (*Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 106 [2011]; *see Bank of N.Y. Mellon v Aquino*, 131 AD3d at 1187).

Here, the plaintiff submitted the mortgage and note, and evidence of Movahedian's default. Further, the plaintiff submit-

ted prima facie proof that he strictly complied with the notice requirement of RPAPL 1304 (*see JP Morgan Chase Bank, N.A. v Schott*, 130 AD3d 875, 876 [2015]). In opposition, Movahedian failed to raise a triable issue of fact (*see Wells Fargo Bank, N.A. v DeSouza*, 126 AD3d 965 [2015]). Contrary to Movahedian's contention, she did not raise a triable issue of fact as to whether the doctrine of unclean hands acted as a bar to this foreclosure action (*see Bank of Smithtown v 219 Sagg Main, LLC*, 107 AD3d 654, 655 [2013]).

Movahedian's remaining contention is not properly before this Court, as it was raised for the first time in her reply papers (*see Leavy v Merriam*, 133 AD3d 636 [2015]; *National Loan Invs., L.P. v Piscitello*, 21 AD3d 537, 538 [2005]).

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Movahedian and to appoint a referee to compute the amount due to the plaintiff. Furthermore, as Movahedian failed to establish her prima facie entitlement to judgment as a matter of law, the court properly denied her cross motion for summary judgment dismissing the complaint insofar as asserted against her, without regard to the sufficiency of any opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Hall, Maltese and LaSalle, JJ., concur.