HSBC Bank USA, N.A. v Bazigos (2019 NY Slip Op 06757)





HSBC Bank USA, N.A. v Bazigos


2019 NY Slip Op 06757


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-02225
 (Index No. 69187/13)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Michael N. Bazigos, appellant, et al., defendants.


Stephen C. Silverberg, PLLC, Uniondale, NY, for appellant.
Hogan Lovells US LLP, New York, NY (Heather R. Gushue, Allison J. Schoenthal, and Chava Brandriss of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michael N. Bazigos appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (Orazio R. Bellantoni, J.), dated January 6, 2017. The order and judgment of foreclosure and sale, upon two orders of the same court, both dated March 11, 2016, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Michael N. Bazigos and for an order of reference, granted the plaintiff's motion for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Michael N. Bazigos and for an order of reference are denied, the plaintiff's motion for a judgment of foreclosure and sale is denied, and the orders dated March 11, 2016, are modified accordingly.
In September 2004, the defendant Michael N. Bazigos executed a note for $528,000 in favor of nonparty First National Bank of Arizona. The note was secured by a mortgage on certain property located in Hastings-on-Hudson. In 2013, the plaintiff commenced this action against Bazigos, among others, to foreclose the mortgage.
In 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Bazigos and for an order of reference. In support, the plaintiff submitted, among other things, the note, certain allonges, the mortgage, assignments of the mortgage, and an affidavit by Tiffany Bluford, a vice president of loan documentation for Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the plaintiff's loan servicer. Bluford stated that she was familiar with the records of Wells Fargo, as well as Wells Fargo's record-keeping practices. She stated that she "acquired personal knowledge of the matters stated [in the affidavit] by examining the business records relating to the subject mortgage loan and/or confirm[ing] the information to the best of [her] knowledge, information and belief." Bluford concluded that Bazigos was "in default under the terms and conditions of the promissory note and mortgage, because the October 1, 2010 and subsequent payments were not made." The plaintiff did not submit the actual documents showing that Bazigos failed to make the payments due on October 1, 2010, and thereafter.
In two orders, both dated March 11, 2016, the Supreme Court, inter alia, granted those [*2]branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Bazigos and for an order of reference. The court determined, among other things, that the plaintiff had submitted evidence of Bazigos's default. A referee subsequently issued a report concluding that Bazigos owed the sum of $784,217.52, and the plaintiff moved for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated January 6, 2017, the court granted the plaintiff's motion for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. Bazigos appeals.
"In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (Zarabi v Movahedian, 136 AD3d 895, 895). "A plaintiff may establish a payment default by an admission made in response to a notice to admit (see CPLR 3212[b]; 3123), by an affidavit from a person having [personal] knowledge of the facts' (CPLR 3212[b]), or by other evidence in admissible form'" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208, quoting Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 507).
Here, Bluford, whose knowledge was based on business records, did not actually attach or otherwise incorporate into her affidavit any business records showing that Bazigos had defaulted on the note. Thus, her affidavit constituted inadmissible hearsay and lacked probative value on the issue of Bazigos's default (see Bank of N.Y. Mellon v Gordon, 171 AD3d at 208-209). Since the plaintiff failed to establish, prima facie, that Bazigos had defaulted on the subject note, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Bazigos and for an order of reference.
The parties' remaining contentions have been rendered academic in light of our determination.
RIVERA, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court