Citibank, N.A. v Crick (2019 NY Slip Op 07234)





Citibank, N.A. v Crick


2019 NY Slip Op 07234


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-12004
 (Index No. 7970/10)

[*1]Citibank, N.A., etc., respondent-appellant,
v
Vera Crick, et al., appellants-respondents, et al., defendants.


John J. Caracciolo, East Northport, NY, for appellants-respondents.
McGlinchey Stafford, New York, NY (Jonathan E. Samon and Victor L. Matthews of counsel), for respondent-appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Vera Crick and Cuthbert Dominic Crick appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated August 8, 2016, and the plaintiff cross-appeals from the same order. The order, insofar as appealed from, denied the motion of the defendants Vera Crick and Cuthbert Dominic Crick for summary judgment dismissing the complaint insofar as asserted against them. The order, insofar as cross-appealed from, denied those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike those defendants' answer, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In August 2006, the defendant Vera Crick (hereinafter Vera) executed a note in the sum of $520,000 in favor of ACT Lending Corporation, doing business as ACT Mortgage Capital (hereinafter ACT). The note was secured by a mortgage on residential property located in Brooklyn, which was executed by Vera and her husband, the defendant Cuthbert Dominic Crick (hereinafter Cuthbert). By an assignment dated November 19, 2009, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for ACT, assigned the note and mortgage to the plaintiff. The plaintiff commenced this action against Vera and Cuthbert (hereinafter together the defendants), among others, to foreclose the mortgage by summons and complaint dated March 26, 2010. The plaintiff alleged in the complaint that it had complied with RPAPL 1304. The defendants interposed an answer in which they asserted various affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304. Thereafter, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that, inter alia, the plaintiff failed to comply with RPAPL 1304. The plaintiff cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. The Supreme Court denied both motions. The defendants appeal, and the plaintiff cross-appeals.
RPAPL § 1304 is a notice requirement of the Home Equity Theft Prevention Act (see Real Property Law § 265-a [hereinafter HETPA]). RPAPL 1304, which applies to home loans, provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (RPAPL 1304[1]). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1091 [internal quotation marks omitted]; see Central Mtge. Co. v Canas, 173 AD3d 967).
As an initial matter, the plaintiff correctly contends that it was not required to provide notice pursuant to RPAPL 1304 to Vera. The record established that she never lived at the premises and, therefore, the mortgage loan was not a "home loan" as to her because she did not occupy the mortgaged premises as her principal dwelling (see RPAPL 1304[1], [6][a][1][iii]).
Moreover, contrary to the defendants' contention, the defendants failed to establish that the notice that the plaintiff provided to Cuthbert, who did reside at the premises, was defective on its face. Although the notice contained a factual inaccuracy, the inaccuracy did not involve information required under RPAPL 1304 and, on the record before this Court, the defendants did not otherwise establish, prima facie, that the notice failed to strictly comply with RPAPL 1304 (cf. Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860; Hudson City Sav. Bank v DePasquale, 113 AD3d 595, 596). Moreover, given that the notice was sent to Cuthbert by the loan servicer for the mortgage and contained the contact information for the loan servicer, it furthered the statutory purpose of HETPA to "preserve and protect home equity for the homeowners of this state" (Real Property Law § 265-a[1][d]), and the purpose of RPAPL 1304 to "bridge [the] communication gap [between distressed homeowners and lenders] in order to facilitate a resolution that avoids foreclosure" (Senate Introducer's Mem in Support, Bill Jacket, L 2008, Ch 472 at 10).
We agree with the Supreme Court's determination that the plaintiff failed to demonstrate, prima facie, that it complied with the mailing requirements set forth in RPAPL 1304 with respect to Cuthbert. The plaintiff "failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21).
"Even in the face of a plaintiff's failure to establish, prima facie, that a notice was properly mailed on a motion for summary judgment on the complaint, this Court has held that a defendant still has to meet its burden, on a cross motion for summary judgment dismissing the complaint, of establishing that the condition precedent was not fulfilled" (id. at 24). Here, the defendants failed to establish, prima facie, that the plaintiff did not strictly comply with the mailing requirements set forth in RPAPL 1304 in providing the required notice to Cuthbert. In support of their motion, the defendants submitted the affidavit of Cuthbert, in which he merely denied that he had received a notice pursuant to RPAPL 1304. This bare denial of receipt, without any particulars to show that the plaintiff failed to mail the RPAPL 1304 notice to Cuthbert's address, was insufficient to establish, prima facie, that the condition precedent was not fulfilled (see Deutsche Bank Natl. Trust Co. v Starr, 173 AD3d 836; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17).
The defendants' remaining contentions are either without merit or improperly raised for the first time in their reply brief (see Eliassian v G.F. Constr., Inc., 163 AD3d 528; Zarabi v Movahedian, 136 AD3d 895, 896).
Accordingly, we agree with the Supreme Court's determination denying the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them and denying those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an [*2]order of reference.
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court