CitiMortgage, Inc. v McGregor (2020 NY Slip Op 07855)





CitiMortgage, Inc. v McGregor


2020 NY Slip Op 07855


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-04023
2018-04024
 (Index No. 2199/15)

[*1]CitiMortgage, Inc., respondent, 
v
Delsie McGregor, appellant, et al., defendants.


R. David Marquez, P.C., Mineola, NY, for appellant.
Akerman LLP, New York, NY (Jordan M. Smith and Scott B. Brenner of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Delsie McGregor appeals from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both entered January 30, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Delsie McGregor, to strike that defendant's answer, and for an order of reference. The second order, insofar as appealed from, granted the same relief and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Delsie McGregor, to strike that defendant's answer, and for an order of reference are denied.
In March 2015, the plaintiff commenced this mortgage foreclosure action against, among others, the defendants Delsie McGregor and Victor Ramirez (hereinafter together the defendants) to foreclose a mortgage on real property owned by the defendants in Nassau County (hereinafter the property). As is relevant to this appeal, the plaintiff alleged that McGregor had defaulted on a note she had executed in 2008, now held by the plaintiff, which was secured by a mortgage on the property.
In May 2015, McGregor filed an answer asserting the affirmative defenses, inter alia, of lack of standing and noncompliance with RPAPL 1304. Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against McGregor, to strike her answer, and for an order of reference. McGregor opposed the plaintiff's motion, contending, inter alia, that the motion was premature, the plaintiff failed to establish its compliance with RPAPL 1304, and there were factual issues pertaining to the plaintiff's standing to commence the action.
In an order entered January 30, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against McGregor, to strike her answer, and for an order of reference (hereinafter the first [*2]order). On that same date, the court entered another order, inter alia, granting the same relief as the first order and appointing a referee to compute the amount due to the plaintiff. McGregor appeals.
McGregor's contention that the plaintiff failed to prove its standing to commence the action is without merit. The plaintiff established its standing to commence the action by annexing a copy of a properly endorsed note to the summons and complaint (see Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011). Nothing further was required of the plaintiff to prove that it was the holder of the note at the time the action was commenced (see Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 863; JPMorgan Chase Bank, N.A. v Weinberger 142 AD3d 643, 645).
However, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against McGregor, to strike her answer, and for an order of reference, because the plaintiff failed to meet its prima facie burden to show that it strictly complied with RPAPL 1304. In support of its motion, the plaintiff submitted, inter alia, an affidavit of a business operations analyst employed by the plaintiff, together with copies of 90-day notices sent to the defendants and proof of filing statements from the New York State Department of Financial Services. Although some of the copies of the 90-day notices contain what appear to be bar codes with 22-digit numbers that include the words "USPS CERTIFIED MAIL," the plaintiff failed to submit any evidence that the mailings were sent by first-class mail in addition to certified mail (see U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1090; Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892). The plaintiff also failed to submit evidence of a standard office mailing procedure or an affidavit of the individual(s) who effected the service (see U.S. Bank N.A. v Fisher, 169 AD3d at 1090; Citibank, N.A. v Wood, 150 AD3d 813, 814). The submission by the plaintiff of evidence that it filed statements with the New York State Department of Financial Services, without more, is insufficient to establish that the mailing was accomplished pursuant to RPAPL 1304 (see KeyBank N.A. v Barrett, 178 AD3d 800, 802).
Accordingly, as the plaintiff failed to establish, prima facie, that it strictly complied with the requirements of RPAPL 1304, we reverse the orders insofar as appealed from and deny those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against McGregor, to strike her answer, and for an order of reference.
McGregor's remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court