Bank of Am., N.A. v Riche (2021 NY Slip Op 00142)





Bank of Am., N.A. v Riche


2021 NY Slip Op 00142


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-00560
 (Index No. 18091/14)

[*1]Bank of America, N.A., appellant, 
v
Micheline Riche, respondent, et al., defendant.


Winston & Strawn, LLP, New York, NY (Jason R. Lipkin of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 5, 2017. The order granted the motion of the defendant Micheline Riche for summary judgment dismissing the complaint insofar as asserted against her as time-barred.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Micheline Riche for summary judgment dismissing the complaint insofar as asserted against her is denied.
In December 2014, the plaintiff, Bank of America, N.A., commenced this action against, among others, the defendant Micheline Riche (hereinafter the defendant) to foreclose a mortgage on certain residential property in Brooklyn. In April 2009, Countrywide Home Loans Servicing, LP (hereinafter Countrywide), the plaintiff's predecessor in interest, had commenced a prior mortgage foreclosure action against the defendant relating to the same debt (hereinafter the first action). Shortly before commencing the first action, Countrywide sent the defendant a notice of default, dated June 18, 2008 (hereinafter the 2008 notice), which indicated an intent to accelerate the debt if the defendant did not make certain payments. In July 2014, the Supreme Court granted Countrywide's motion to discontinue the first action. In December 2014, the plaintiff commenced this action and, thereafter, the defendant moved for summary judgment dismissing the complaint in this action insofar as asserted against her as time-barred, contending that the notice of default accelerated the debt more than six years before this action was commenced. The Supreme Court, inter alia, granted the defendant's motion. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). Even if a mortgage is payable in installments, the limitation period begins to run on the entire mortgage debt when the mortgagee or its predecessor elects to accelerate the mortgage (see Ditech Fin., LLC v Reiss, 175 AD3d 618, 619; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982).
Contrary to the defendant's contention, the language in the 2008 notice fell short of an actual acceleration (see Milone v US Bank N.A., 164 AD3d 145, 152). Accordingly, the debt was not accelerated, and the statute of limitations did not begin to run until the first action was commenced in April 2009. Since this action was commenced approximately 5½ years later, in December 2014, which was within the six-year statute of limitations (see CPLR 213[4]), the Supreme Court should have denied the defendant's motion for summary judgment dismissing the [*2]complaint insofar as asserted against her as time-barred (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867-868).
MASTRO, A.P.J., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court