Citimortgage, Inc. v Doomes (2022 NY Slip Op 00846)





Citimortgage, Inc. v Doomes


2022 NY Slip Op 00846


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-00034
2021-07820
 (Index No. 26466/13)

[*1]Citimortgage, Inc., respondent, 
v
Linda Doomes, etc., appellant, et al., defendants.


Steven B. Rabitz, Brooklyn, NY, for appellant.
Akerman LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Linda Doomes appeals from (1) an order of the Supreme Court, Suffolk County (James Hudson, J.), dated October 4, 2018, and (2) an order and judgment of foreclosure and sale (one paper) of the same court (Robert F. Quinlan, J.) dated September 22, 2021. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Linda Doomes, to strike so much of the answer and affirmative defenses of the defendants Linda Doomes and Charles Doomes as was asserted on behalf of the defendant Linda Doomes, and for an order of reference, and denied the cross motion of the defendants Linda Doomes and Charles Doomes, inter alia, for summary judgment dismissing the complaint insofar as asserted against the defendant Linda Doomes or, in the alternative, for leave to conduct discovery. The order and judgment of foreclosure and sale, upon the order, among other things, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against, among others, the defendants Linda Doomes and Charles Doomes (hereinafter together the defendants), to foreclose a mortgage encumbering certain property located in Brentwood. The defendants interposed an answer, generally denying the allegations in the complaint and asserting, among other affirmative defenses, that the plaintiff lacked standing to commence the action. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Linda Doomes, to strike so much of the defendants' answer and affirmative defenses as was asserted on behalf of Linda Doomes, and for an order of reference. The defendants opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against Linda Doomes for lack of standing.
In an order dated October 4, 2018, the Supreme Court granted those branches of the plaintiff's motion and denied the defendants' cross motion. In an order and judgment of foreclosure and sale dated September 22, 2021, the court, inter alia, confirmed the referee's report and directed the sale of the subject property. Linda Doomes appeals from the order and the order and judgment of foreclosure and sale.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must produce the mortgage, the unpaid note, and evidence of the default (see HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 819; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 619). Additionally, where the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing (see Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828).
Here, in support of its motion, the plaintiff submitted the note, the mortgage, and proof of Linda Doomes's default in payment. The plaintiff additionally established, prima facie, its standing to commence the action by demonstrating that it had physical possession of the note prior to the commencement of the action, as evidenced by its attachment of the note, endorsed in blank, to the summons and complaint (see Deutsche Bank Natl. Trust Co. v Auguste, 185 AD3d 657, 658; U.S. Bank Trust, N.A. v Porter, 175 AD3d 530, 532). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact. Contrary to Linda Doomes's contention, "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; see UCC 3-204[2]).
Furthermore, the defendants failed to establish that the plaintiff did not negotiate in good faith to reach a mutually agreeable resolution, including a loan modification (see Retained Realty, Inc. v Syed, 137 AD3d 1099; cf. Onewest Bank, FSB v Colace, 130 AD3d 994).
Linda Doomes's remaining contentions, which all relate to the order, are either improperly raised for the first time on appeal or without merit.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Linda Doomes, to strike so much of the defendants' answer and affirmative defenses as was asserted on her behalf, and for an order of reference, and denied the defendants' cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against Linda Doomes or, in the alternative for leave to conduct discovery. Inasmuch as Linda Doomes has not raised any additional arguments that would affect the order and judgment of foreclosure and sale, we affirm the order and judgment of foreclosure and sale (see generally Deutsche Bank Natl. Trust Co. v Campbell, 187 AD3d 714, 714-715).
CONNOLLY, J.P., CHAMBERS, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court