Wells Fargo Bank, N.A. v Frankel (2023 NY Slip Op 05418)

Wells Fargo Bank, N.A. v Frankel

2023 NY Slip Op 05418

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2020-02535
 (Index No. 506942/17)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Pincus Frankel, appellant, et al., defendants. 

IM Law Group, P.C., Cedarhurst, NY (Igor Meystelman of counsel), for appellant.
Goodwin Procter LLP, New York, NY (Allison J. Schoenthal and Allison M. Funk of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Pincus Frankel appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 10, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Pincus Frankel, to strike that defendant's answer, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2007, the defendant Pincus Frankel (hereinafter the defendant) executed a note that was secured by a mortgage on certain real property located in Brooklyn. On June 13, 2011, the plaintiff commenced an action to foreclose the mortgage (hereinafter the 2011 action), and a judgment of foreclosure and sale was issued on July 28, 2015. In February 2017, the plaintiff moved, inter alia, to vacate the judgment of foreclosure and sale and to discontinue the 2011 action. In an order dated June 1, 2017, the Supreme Court granted the motion.
In the interim, on April 7, 2017, the plaintiff commenced this action to foreclose the mortgage. The defendant interposed an answer asserting various affirmative defenses, including that the action was barred by the applicable statute of limitations. The plaintiff then moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, including all counterclaims and affirmative defenses, and for an order of reference. In an order dated December 10, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion. The defendant appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the holder of the note elects in the complaint to call due the entire amount secured by the mortgage (see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916; Ditech Fin., LLC v Connors, 206 AD3d [*2]694, 697). A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action (see HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030).
Here, contrary to the defendant's contention, the plaintiff established, prima facie, that this action was not time-barred. The plaintiff demonstrated that, although the mortgage debt was accelerated in June 2011 when the 2011 action was commenced, this action, commenced in April 2017, less than six years later, was timely (see Bank of N.Y. Mellon v Shurko, 209 AD3d 951, 953; Bank of Am., N.A. v Riche, 190 AD3d 674, 675-676). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference.
IANNACCI, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court