Wells Fargo Bank, N.A. v Weinberg (2024 NY Slip Op 04098)

Wells Fargo Bank, N.A. v Weinberg

2024 NY Slip Op 04098

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-07483
2022-07484
 (Index No. 611470/20)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Phyllis B. Weinberg, appellant, et al., defendants.

Aronauer & Yudell, LLP, White Plains, NY (Kenneth S. Yudell of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Charles H. Jeanfreau of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Phyllis B. Weinberg appeals from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated August 12, 2022, and (2) an order of the same court also dated August 12, 2022. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference and denied that branch of that defendant's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against her. The second order, insofar as appealed from, granted and denied the same relief and appointed a referee to compute the amount due under the note.
ORDERED that the orders are affirmed insofar as appealed from, with costs.
In November 2006, the defendant Phyllis B. Weinberg (hereinafter the defendant) executed a note secured by a mortgage on certain property located in Spring Valley. In September 2014, after the defendant defaulted on her mortgage payments, the plaintiff commenced an action against the defendant, among others, to foreclose the mortgage (hereinafter the 2014 action). In an order dated July 15, 2015, the 2014 action was dismissed after a hearing to determine the validity of service of process.
In April 2016, the plaintiff commenced a second foreclosure action, which was ultimately discontinued by stipulation dated March 11, 2020. Thereafter, in August 2020, the plaintiff commenced this action to foreclose the mortgage. After the defendant interposed an answer, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant opposed the motion and cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against her as barred by the statute of limitations. The plaintiff opposed the cross-motion. By order dated August 12, 2022, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied that branch of the defendant's cross-motion. In a second order, also dated August 12, 2022, the court, among other things, granted and denied the same relief and [*2]appointed a referee to compute the amount due under the note. The defendant appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; MTGLQ Invs., L.P. v Singh, 216 AD3d 1087, 1088). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the [holder of the note] elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916; see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 22).
Here, contrary to the defendant's contention, the plaintiff established, prima facie, that this action was not time-barred. The plaintiff demonstrated that the mortgage debt was accelerated in September 2014, by the commencement of an action to foreclose the mortgage, and that this action, commenced in August 2020, less than six years later, was timely commenced (see Wells Fargo Bank, N.A. v Frankel, 220 AD3d 973; Bank of N.Y. Mellon v Shurko, 209 AD3d 951, 953; Bank of Am., N.A. v Riche, 190 AD3d 674, 675-676). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference and properly denied that branch of the defendant's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against her as barred by the statute of limitations.
BARROS, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court