Lakeview Loan Servicing, LLC v Swanson (2024 NY Slip Op 04952)

Lakeview Loan Servicing, LLC v Swanson

2024 NY Slip Op 04952

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-02909
 (Index No. 611826/18)

[*1]Lakeview Loan Servicing, LLC, respondent,
v
Alexander W. Swanson III, etc., et al., appellants, et al., defendants.

Binakis Law, P.C. (Paraskevas Binakis and Callegari Law, P.C., East Islip, NY [Dominick J. Callegari], of counsel), for appellants.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Alexander W. Swanson III and Nancy L. Swanson appeal from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), entered March 28, 2022. The order, insofar as appealed from granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike those defendants' answer and affirmative defenses asserting lack of standing, failure to comply with an alleged condition precedent in the mortgage agreement requiring the service of a notice of default, failure to comply with the 90-day notice requirement of RPAPL 1304, and failure to comply with certain regulations of the United States Department of Housing and Urban Development, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Alexander W. Swanson III and Nancy L. Swanson, to strike those defendants' answer and affirmative defense asserting failure to comply with the 90-day notice requirement of RPAPL 1304, and for an order of reference, and appointing a referee to compute the amount due to the plaintiff, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants Alexander W. Swanson III and Nancy L. Swanson.
On February 9, 2009, the defendants Alexander W. Swanson III and Nancy L. Swanson (hereinafter together the defendants) executed a note in the sum of $419,464 in favor of Bank of America N.A. (hereinafter BOA). The note was secured by a mortgage on certain real property located in Smithtown. The defendants allegedly defaulted on their obligations under the note and mortgage by failing to make the monthly payments due on April 1, 2013, and thereafter. By an assignment of mortgage dated August 2, 2013, BOA assigned the note and mortgage to the plaintiff.
In June 2018, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants thereafter interposed an answer, inter alia, asserting various affirmative defenses. In January 2020, the plaintiff moved, among other things, [*2]for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and affirmative defenses, and for an order of reference. In an order entered March 28, 2022, the Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and affirmative defenses asserting lack of standing, failure to comply with an alleged condition precedent in the mortgage agreement requiring the service of a notice of default, failure to comply with the 90-day notice requirement of RPAPL 1304, and failure to comply with certain regulations of the United States Department of Housing and Urban Development, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff. The defendants appeal.
"In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (Zarabi v Movahedian, 136 AD3d 895, 895; see Citimortgage, Inc. v Doomes, 202 AD3d 752, 753). "Additionally, where, as here, the plaintiff's standing has been placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment" (HSBC Bank USA, N.A. v Sene, 219 AD3d 1499, 1500; see HSBC Bank USA, N.A. v Boursiquot, 204 AD3d 980, 981). "Furthermore, where, as here, the plaintiff in a residential foreclosure action alleges in its complaint that it has served a RPAPL 1304 notice on the borrowers, the plaintiff must, in support of a motion for summary judgment, prove its allegation by tendering sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (Zarabi v Movahedian, 136 AD3d at 895 [internal quotation marks omitted]; see Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1236).
Initially, contrary to the defendants' contention, the plaintiff established its standing to commence this action. "A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced. Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Citimortgage, Inc. v Doomes, 202 AD3d at 753 [citation and internal quotation marks omitted]). "Moreover, no special form or language is necessary to effect an assignment as long as the language shows the intention of the owner of a right to transfer it" (Arch Bay Holdings, LLC v Albanese, 146 AD3d 849, 852 [alterations and internal quotation marks omitted]).
Here, the plaintiff established, prima facie, that it had physical possession of the note prior to the commencement of this action, as evidenced by its attachment of the note, endorsed in blank, to the summons and complaint (see U.S. Bank N.A. v Reddy, 220 AD3d 967, 970; U.S. Bank N.A. v Lloyd-Lewis, 205 AD3d 838, 839; Citimortgage, Inc. v Doomes, 202 AD3d at 753-754). The plaintiff also demonstrated its status as the assignee of the note as of the date this action was commenced, since it submitted the assignment of mortgage stating, inter alia, that BOA assigned the mortgage to the plaintiff "together with the note(s) and obligations therein described" (see U.S. Bank N.A. v Cox, 148 AD3d 962, 962-963; U.S. Bank N.A. v Akande, 136 AD3d 887, 890; cf. Wells Fargo Bank, N.A. v Talley, 153 AD3d 583, 583-585). In opposition, the defendants failed to raise a triable issue of fact with regard to the plaintiff's standing to commence this action (see Citimortgage, Inc. v Doomes, 202 AD3d at 753-754). Contrary to the defendants' assertion, the affidavit submitted in support of the plaintiff's motion did not raise a triable issue of fact as to whether the plaintiff was in physical possession of the note prior to the commencement of this action. Also contrary to the defendants' contention, the assignment of mortgage was not rendered "inadmissible" because it was executed in Texas but was not accompanied by a certificate of conformity pursuant to CPLR 2309(c) and Real Property Law § 299-a. The out-of-state acknowledgment in the assignment of mortgage "substantially conformed with the template requirement of Real Property Law § 309-b," and, in any event, the defendants failed to assert, let alone establish, that any substantial right of theirs was prejudiced by the out-of-state acknowledgment (Christiana Trust v McCobb, 187 AD3d 981, 982-983 [internal quotation marks omitted]; Bank of N.Y. Mellon v Vytalingam, 144 AD3d 1070, 1071). Therefore, the defendants' contention that the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants due to the plaintiff's failure to establish its standing to commence this action is without [*3]merit. For the same reasons, the court properly granted that branch of the plaintiff's motion which was to strike the defendants' affirmative defense asserting lack of standing (see U.S. Bank N.A. v Reddy, 220 AD3d at 970; Citibank, N.A. v Herman, 215 AD3d 626, 627).
Further, contrary to the defendants' contention, the plaintiff did not fail to comply with a purported provision in the mortgage agreement requiring the service of a notice of default as a condition precedent to commencing this action, since the mortgage agreement contained no such requirement (see Wells Fargo Bank, N.A. v Quinche, 189 AD3d 1671, 1672; Mahopac Bank v Vignogna, 165 AD3d 1250, 1251; Home Fed. Sav. Bank v Sayegh, 250 AD2d 646, 647). In addition, regardless of whether the plaintiff complied with certain United States Department of Housing and Urban Development regulations (see 24 CFR 203.604[b]), the defendants waived the right to assert that the plaintiff failed to do so, as they failed to plead this affirmative defense with the particularity required by CPLR 3015(a) (see Caliber Home Loans, Inc. v Squaw, 190 AD3d 926, 928; Nationstar Mtge., LLC v Vordermeier, 165 AD3d 822, 822-823; cf. Onewest Bank, FSB v Smith, 135 AD3d 1063, 1064-1065).
However, as the defendants correctly contend, the plaintiff failed to meet its prima facie burden of demonstrating its strict compliance with RPAPL 1304. "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (U.S. Bank N.A. v Jeffrey, 222 AD3d 802, 804). "RPAPL 1304(1) provides that 'with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower'" (Deutsche Bank Natl. Trust Co. v Mangi, 222 AD3d 942, 944). "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Bank of N.Y. Mellon v Mannino, 209 AD3d 707, 709 [internal quotation marks omitted]). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing" (U.S. Bank N.A. v Offley, 170 AD3d 1240, 1242 [internal quotation marks omitted]). "A defense based on noncompliance with RPAPL 1304 may be raised at any time during the action" (U.S. Bank Trust, N.A. v Mohammed, 197 AD3d 1205, 1207 [internal quotation marks omitted]). "[T]he plaintiff has the burden of establishing satisfaction of" the statute's notice requirements (id. [internal quotation marks omitted]). "A plaintiff can establish strict compliance with RPAPL 1304 by submitting domestic return receipts, proof of a standard office procedure designed to ensure that items are properly addressed and mailed, or an affidavit from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually happened" (Wells Fargo Bank, N.A. v Fregosi, 222 AD3d 811, 812).
Here, in support of its motion, the plaintiff submitted an affidavit of Kimberly Dutchess, an authorized representative of M & T Bank (hereinafter M & T), the plaintiff's loan servicer and attorney-in-fact, along with a power of attorney authorizing M & T to act on the plaintiff's behalf (cf. Citibank, N.A. v Herman, 215 AD3d 626, 628). Although Dutchess laid a proper foundation for the admission of various business records annexed to her affidavit, inter alia, by attesting to her "familiar[ity] with business records maintained by M & T for the purpose of servicing mortgage loans," she "failed . . . to attest that [s]he personally mailed the subject notices or that [s]he was familiar with the mailing practices and procedures of [M & T]" at the time the notices were sent (U.S. Bank, N.A. v Akbar, 221 AD3d 1045, 1049; see Bank of N.Y. Mellon v Stewart, 216 AD3d 720, 723-724; U.S. Bank N.A. v Callender, 176 AD3d 1249, 1250). Nor was Dutchess's assertion that she "acquired personal knowledge of the matters stated in [her] affidavit by examining the [relevant] business records" sufficient to demonstrate her personal knowledge of M & T's mailing procedures, since "a review of records maintained in the normal course of business does not vest an affiant with personal knowledge" (JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1517). Therefore, Dutchess "failed to establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed" (Bank of N.Y. Mellon v Stewart, 216 AD3d at 724).
Moreover, although Dutchess's affidavit laid a proper foundation for the admission of the business records annexed thereto, the content of those records did not demonstrate, prima facie, the plaintiff's strict compliance with RPAPL 1304 (see Wilmington Trust, N.A. v Meyerhoeffer, 219 AD3d 549, 552; JPMorgan Chase Bank, N.A. v Gershfeld, 187 AD3d 1003, 1005). The only purported proof of first-class mailing attached to Dutchess's affidavit was a letter log, which "failed to establish that the 90-day notice was actually mailed to both of the defendants . . . by first-class mail" (Wilmington Trust, N.A. v Meyerhoeffer, 219 AD3d at 552; see Federal Natl. Mtge. Assn. v Raja, 211 AD3d 692, 696; US Bank N.A. v Pierre, 189 AD3d 1309, 1311-1312). Among other issues, the letter log did not contain any information regarding the method of mailing for any of the documents contained therein. It also contained only one entry for the 90-day notice allegedly mailed to both of the defendants in February 2018, notwithstanding that a "plaintiff must separately mail a 90-day notice to each borrower as a condition precedent to commencing the foreclosure action" (Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 134; see Deutsche Bank Natl. Trust Co. v Hennessy, 218 AD3d 740, 741). Furthermore, although the letter log listed Alexander W. Swanson III as the borrower, it did not mention Nancy L. Swanson's name, and the plaintiff did not provide any records showing that the 90-day notice was mailed to Nancy L. Swanson by first-class mail (see US Bank N.A. v Pierre, 189 AD3d at 1311-1312). Notably, "[i]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1021). In any event, even if Dutchess had established that she had personal knowledge of M & T's mailing procedures, her affidavit did not sufficiently clarify any of these issues (cf. Homebridge Fin. Servs., Inc. v Mauras, 201 AD3d 890, 892). Since the plaintiff did not demonstrate that it mailed the 90-day notices to both of the defendants by first-class mail, it failed to establish, prima facie, its strict compliance with RPAPL 1304 (see Bank of N.Y. Mellon v Mannino, 209 AD3d 707, 709; CitiMortgage, Inc. v McGregor, 189 AD3d 1340, 1342).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and affirmative defense asserting failure to comply with the 90-day notice requirement of RPAPL 1304, and for an order of reference.
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., CHAMBERS, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court