B&B Capital, LLC v Pezone (2025 NY Slip Op 04615)

B&B Capital, LLC v Pezone

2025 NY Slip Op 04615

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-04929
 (Index No. 55516/23)

[*1]B & B Capital, LLC, respondent, 
v
Albert Pezone, appellant, et al., defendants.

Donald J. Neidhardt, Bellmore, NY, for appellant.
Leopold & Associates, PLLC, Armonk, NY (Stephanie Rojas of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendant Albert Pezone appeals from an order of the Supreme Court, Westchester County (Hal B. Greenwald, J.), dated January 5, 2024. The order denied that defendant's motion to dismiss the complaint insofar as asserted against him as time-barred.
ORDERED that the order is affirmed, with costs.
In March 2007, the defendant Albert Pezone (hereinafter the defendant) executed a note that was secured by a mortgage on certain real property located in South Salem. In May 2021, the plaintiff, as assignee of the mortgage, commenced an action against the defendant, among others, inter alia, to foreclose the mortgage (hereinafter the 2021 action). In an order dated October 19, 2022, the Supreme Court granted the plaintiff's unopposed motion to discontinue the 2021 action.
In January 2023, the plaintiff commenced the instant action against the defendant, among others, inter alia, to foreclose the mortgage. Thereafter, the defendant moved to dismiss the complaint insofar as asserted against him as time-barred. The plaintiff opposed the motion. In an order dated January 5, 2024, the Supreme Court denied the defendant's motion. The defendant appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the holder of the note elects in the complaint to call due the entire amount secured by the mortgage (see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916; Ditech Fin., LLC v Connors, 206 AD3d 694, 697).
Here, the defendant's submissions in support of his motion established that the mortgage debt was accelerated in May 2021 when the plaintiff commenced the 2021 action. Since [*2]this action was commenced in January 2023, less than six years later, it was timely (see Wells Fargo Bank, N.A. v Weinberg, 229 AD3d 840, 841; Wells Fargo Bank, N.A. v Frankel, 220 AD3d 973).
Accordingly, the Supreme Court properly denied the defendant's motion to dismiss the complaint insofar as asserted against him as time-barred.
CONNOLLY, J.P., MILLER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court