Wilmington Trust, N.A. v Pacific St. Servs., Inc. (2026 NY Slip Op 00541)

Wilmington Trust, N.A. v Pacific St. Servs., Inc.

2026 NY Slip Op 00541

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-08096
 (Index No. 516344/19)

[*1]Wilmington Trust, National Association, etc., respondent, 
vPacific Street Services, Inc., et al., defendants, 55 Chester, LLC, appellant.

The David R. Smith Law Group PLLC, New York, NY, for appellant.
Friedman Vartolo LLP, New York, NY (Zachary Gold of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 55 Chester, LLC, appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated July 1, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant 55 Chester, LLC, to strike that defendant's affirmative defenses and counterclaims, and for an order of reference, and appointed a referee to ascertain and compute the amount due on the mortgage loan.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2019, the plaintiff commenced this action against the defendant 55 Chester, LLC (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn. The defendant interposed an answer asserting various affirmative defenses, including, inter alia, the statute of limitations, and counterclaims, including, among other things, to cancel and discharge of record the mortgage pursuant to RPAPL 1501(4). Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike its affirmative defenses and counterclaims, and for an order of reference. The defendant opposed, contending, among other things, that the action was time-barred. The defendant also contended that the plaintiff failed to establish, prima facie, its standing and the borrower's default in payment. By order dated July 1, 2022, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and appointed a referee to ascertain and compute the amount due on the mortgage loan. The defendant appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; Wells Fargo Bank, N.A. v Weinberg, 229 AD3d 840, 841). "'[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Wells Fargo Bank, N.A. v Weinberg, 229 AD3d at 841, quoting BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the holder of the note elects in the complaint to call due the entire amount secured by the mortgage" (Wells Fargo Bank, N.A. v Frankel, 220 AD3d 973, 974; see Freedom Mtge. Corp. v Engel, 37 NY3d 1, [*2]22).
Here, contrary to the defendant's contention, the plaintiff established, prima facie, that this action was not time-barred. The plaintiff demonstrated that this action, commenced in July 2019, was timely commenced within six years of the acceleration of the mortgage debt in August 2013, when the plaintiff's predecessor in interest commenced a prior action to foreclose the mortgage (see Wells Fargo Bank, N.A. v Weinberg, 229 AD3d at 841; Wells Fargo Bank, N.A. v Frankel, 220 AD3d at 974).
Contrary to the defendant's other contentions, the plaintiff established its prima facie entitlement to judgment as a matter of law. "In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (Zarabi v Movahedian, 136 AD3d 895, 895; see Citimortgage, Inc. v Doomes, 202 AD3d 752, 753). Additionally, where, as here, the plaintiff's standing has been placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see Citimortgage, Inc. v Doomes, 202 AD3d at 753). "A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced" (id.; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Citimortgage, Inc. v Doomes, 202 AD3d at 753 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362).
Here, the plaintiff established, prima facie, that it had standing to commence the action by attaching a copy of the note, endorsed in blank, to the summons and complaint (see JPMorgan Chase Bank, N.A. v Newton, 203 AD3d 902, 905; Citimortgage, Inc. v Doomes, 202 AD3d at 754).
The plaintiff also established, prima facie, the borrower's default in payment. In support of its motion, the plaintiff submitted, among other things, an affidavit of an employee of the plaintiff's loan servicer at the time the action was commenced. The affiant attested to the borrower's default in payment based upon the affiant's familiarity with the record-keeping practices and procedures of the loan servicer, identified the business records he relied upon, and attached those records to his affidavit. The affiant also attested that, to the extent any of the servicing records were created by prior loan servicers, such records were incorporated into the loan servicer's records and relied upon in the ordinary course of its business (see Deutsche Bank Natl. Trust Co. v Pirozzi, 230 AD3d 736, 738; Bank of Am., N.A. v Greene, 216 AD3d 718, 719).
In opposition to the plaintiff's prima facie showing of its entitlement to judgment as a matter of law, the defendant failed to raise a triable issue of fact (see Deutsche Bank Natl. Trust Co. v Pirozzi, 230 AD3d at 738; Citimortgage, Inc. v Doomes, 202 AD3d at 754).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike its affirmative defenses and counterclaims, and for an order of reference, and appointed a referee to ascertain and compute the amount due on the mortgage loan.
The defendant's remaining contention is without merit.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court